No. **WR-CV-28-87**

# District Court of the Navajo Nation

Judicial District of Window Rock, Arizona

**In the Matter of Estate of:**
**Ned Bigthumb, C#12,880, Deceased**
**Decided January 20, 1989**

## ORDER

Judge Wayne Cadman, Sr. presiding.

This matter comes before the district court on a probate proceeding filed by Emma Rose Bigthumb on January 6, 1987, and upon a claim submitted in writing by Grace Yazzie against the estate. The claimant, Grace Yazzie, filed a formal motion for judicial notice with the court and a motion hearing was held on September 10, 1987. Both the administratrix of the estate, Emma Rose Bigthumb, and the claimant against the estate, Grace Yazzie, presented oral testimony along with other witnesses.

## FINDINGS OF FACT

The decedent and Emma Rose Bigthumb commenced their common law relationship in the month of October of 1945 and continued their relationship until 1974. The decedent and Emma Rose Bigthumb had their common law relationship validated on December 3, 1974, through an order of the Window Rock District Court (WR-CV-445-74). During the course of their relationship, there were sixteen (16) children born to the decedent and Emma Rose Bigthumb.

The sole property in dispute is a 1986 1/2 ton pickup truck which was paid in full by the credit life insurance of the decedent, and is now in storage with Rico Motor Company in Gallup, New Mexico.

The 1986 GMC 1/2 ton pickup truck was purchased on August 16, 1986 from Rico Motor Company in Gallup, New Mexico and was registered in the name of the decedent. Conflicting testimony was entered by both parties as to how and who actually purchased the vehicle. The vehicle was purchased through the trade in of a 1978 GMC 3/4 ton pickup truck which was also previously purchased by the decedent from Rico Motor Company, along with a cash down payment of $1,308.29. The claimant, Grace Yazzie, testified that she assisted the decedent financially with the purchase of the 1978 GMC 3/4 ton pickup truck and also subsequently assisted with monthly contractual payments, but no evidence to support her allegation was introduced to verify such financial assistance. She further testified that she assisted the decedent with financial assistance in the downpayment of $1,308.29 for the purchase of the 1986 1/2 ton pickup truck, but again no direct evidence was ever introduced to support her allegation. Grace

Yazzie further testified that she was present when the vehicle was purchased, but this was not confirmed by the testimony of the salesman, Joe Munoz, who sold the 1986 GMC 1/2 ton pickup truck to the decedent. Apparently, Grace Yazzie's daughter owned and later traded in the 1978 GMC pickup, which was later purchased by the decedent.

The claimant, during the September 10, 1987 hearing on her claim, moved orally for the district court to take judicial notice of the Navajo common law "that when a person married or unmarried has sexual intercourse with another person of an opposite sex, married or unmarried, there is expected compensation for the act in the Navajo way; otherwise, the initiating person risks the loss of any of his private property to the other person or to relatives of the other person ..." and subsequently filed a formal written motion with a supporting brief on September 28, 1987. The claimant, in her written motion requests that should the court disagree with her contention of Navajo common law that she be allowed to recoup the amount she paid into the purchase of the pickup truck through the sale of the 1986 GMC pickup truck.

The administratrix of the estate, has objected to the claim made against the estate, and filed her response to the motion for judicial notice on October 7, 1987; and even further filed her own claim against the estate in the form of child support and funeral expenses on October 9, 1987.

## CASE ANALYSIS

The claimant requests the district court to take judicial notice by motion. Rule 5 of the *Navajo Rules of Evidence*, subsection d), requires: "A judge or court shall take judicial notice if requested by a party and supplied with the necessary information." Further, subsection b) designates the kinds of facts that can be judicially noticed as it states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the community, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) notice is provided for by statute."

The claimant first contends that this Navajo common law of "expected compensation for sexual favors" is generally known within the community. However, the district court would disagree with this contention. The claimant and the administratrix both submitted affidavits of well known medicinemen and authors, and even these individuals disagree with claimant's contentions.

In her motion, the claimant quotes Gary Witherspoon in his book entitled: *Navajo Kinship and Marriage*, at page 24: "In Navajo society, a woman bestows sexual favors on a man in exchange for something of economic value. It is wrong to copulate with a man without receiving something of value from him." And at page 25 further quotes: "There are many other ways in which sex is assimilated to property. Illicit sexual intercourse is just like stealing. There is an ancient practice of paying a woman with whom one has had sexual intercourse."

However, as the administratrix indicated in her response to the motion for judicial notice, any compensation is minimal and would certainly not entitle her to claim such compensation in the form of a 1986 GMC pickup truck. The court is also cognizant of the ever changing Navajo common law through the introduction of Anglo-American customs and traditions (common law) and will often times conflict with existing statutes. Some of these customs and traditions accepted are formal marriages, divorces, and property rights. The Navajo Tribal Council has followed suit in adopting these changes and even now prohibits plural marriages and mandates that: "No person, married by Tribal custom who claims to have been divorced shall be free to marry until a certificate of divorce has been issued by the Courts of the Navajo Tribe." *See* 9 N.T.C. § 407. This makes plural marriages allowed by Navajo common law now illegal. Although the "ancient practice of paying a woman with whom one has had sexual intercourse" may have existed, Navajo Tribal law now explicitly prohibits such Navajo common law. 17 N.T.C. § 441 specifically states: "A person commits adultery if he or she ... engages in sexual intercourse with one other than his or her spouse"; and 17 N.T.C. § 451 also states: "A person commits bigamy if he or she ... marries or purports to marry another person at a time when either is lawfully married." In this case, the decedent never obtained a divorce from Emma Rose Bigthumb.

The administratrix in her response further submitted an affidavit of Ernie Bulow, author of *Navajo Taboos*. Mr. Bulow states: "6. It is important to determine who exercised dominion and control over the property in order to determine if an exchange occurred." Mr. Bulow further states: "7. If the decedent had dominion and control over the property at his death, this fact would suggest the property was not freely given to his girlfriend in exchange for sexual favors." At the onset of the case, the claimant had inferred that an exchange had in fact taken place. But upon review of the court records and pleadings on file, the property was apparently taken by the claimant at the time of the death of Ned Bigthumb and later returned to the estate and stored at Rico Motor Company in Gallup, New Mexico. Therefore, testimony and evidence clearly show that no exchange was ever made and that the decedent exercised dominion and control over the property up to the time of his death on November 10, 1986. The pleadings on file further show that the claimant had taken other property of the decedent and had not returned such property and that such property may be construed as being the "nominal" compensation she is claiming.

The administratrix further submitted an affidavit of Sam Seely, a Navajo medicineman who states that he is aware that women partners at squaw dances are traditionally paid a nominal sum of money for the privilege of dancing with them; and that a woman who has sexual intercourse with a married man is "stealing" from the married man's wife. In accordance with Rule 6 of the *Navajo Rules of Probate Procedure*, if the decedent is survived by a husband or wife and by issue, in Arizona, if all of the issues (children) of the decedent

are also issues (children) of the surviving husband or wife, *then the husband or wife gets everything.* (emphasis added.)

Further, "The property of decedent belonged to his wife and children living with him at the time of his death according to Tribal custom." *In the Matter of the Trust of Earl Benally, Jimmie P. Benally, Lucinda Benally, and Robert Benally,* 1 Nav. R. 10, 12 (1969).

Navajo custom and tradition may be shown in several ways: "It may be shown through recorded opinions and decisions of the Navajo courts or through learned treatises on the Navajo way; it may be judicially noticed; or it may be established by testimony of expert witnesses who have substantial knowledge of Navajo common law in an area relevant to the issue before the court." 7 N.T.C. § 204.

All evidence must be authenticated to the satisfaction of the judge before it is admitted. Rule 30 of the *Navajo Rules of Evidence.*

The district court cannot therefore take judicial notice of the claimant's contention that she is entitled to compensation for bestowing sexual favors upon the decedent, because: (1) it was not generally known within the community, and (2) its accuracy and ready determination by resort to sources whose accuracy cannot be reasonably be questioned even conflict with each other.

As an alternative to being denied judicial notice, the claimant further requested that she be allowed to recoup the amount she paid into the purchase of the 1986 GMC pickup truck. However, she has failed to "prove by a preponderence of the evidence" that she in fact had paid into the purchase of the property and is therefore not entitled to judgment in her favor.

## ORDER

IT IS THEREFORE ORDERED that the claimant's motion for judicial notice of the Navajo common law that she is entitled to compensation for bestowing sexual favors upon the decedent is denied.

IT IS FURTHER ORDERED that the claimant's request to recoup the amount she paid into the purchase of the 1986 GMC pickup truck is also denied because she has failed to show what amount she has paid toward the purchase by a preponderence of the evidence.

IT IS FURTHER ORDERED that the administratrix's claim against the estate in the form of child support and funeral expenses is hereby deferred until the final probate hearing.

IT IS FURTHER ORDERED that the administratrix of the estate shall file a Final Accounting and Proposed Distribution of the Property of the estate no later than thirty (30) days from the date of this order.